UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED SY and
DOSHAUN EDWARDS,

       Plaintiffs,                                 Case No. 18-10458

v.                                            Honorable Nancy G. Edmunds

OAKLAND PHYSICIAN MEDICAL
CENTER, LLC d/b/a PONTIAC GENERAL
and SANYAM SHARMA,

       Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS [28]**

The matter is before the Court on Defendants' motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  (ECF No. 28.)  Plaintiffs oppose the motion.  (ECF No. 30.)  Defendants have replied.  (ECF No. 31.)  The Court finds that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendants' motion will be decided on the briefs and without oral argument.  For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.

**I.     Background**

Plaintiffs were employed by Defendant Pontiac General as part of its nursing staff from 2016 until their employment was terminated in November 2017.  In December 2017, Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race, gender, and religious discrimination and

1

retaliation under Title VII.  (ECF Nos. 28-2, 28-3.)   While those charges were still pending, Plaintiff filed this qui tam action on February 8, 2018 under seal.  (ECF No. 1.) Plaintiffs did not bring claims under Title VII in this lawsuit, but instead alleged violations of the Federal False Claims Act, Michigan Medicaid False Claims Act, and Michigan's Whistleblowers' Protection Act, as well as a retaliation claim under the Federal False Claims Act.  Eventually, in December 2018, the EEOC issued notices finding there was insufficient evidence for it to pursue Plaintiffs' Title VII claims.  (ECF No. 28-4.)

On October 23, 2020, the state and federal government filed their notice of intention not to intervene in this case.  Three days later, the Court ordered that the complaint be unsealed and served upon Defendants. (ECF No. 21.) On December 24, 2020, Plaintiffs filed a stipulation to dismiss all their claims except for the retaliation claim under the False Claims Act and the claim under the Whistleblowers' Protection Act.  (ECF No. 22.)   On January 14, 2021, Plaintiffs filed an amended complaint, bringing those two claims along with their claim under the Medicaid False Claims Act that they had dismissed by stipulation a few weeks earlier and a claim for retaliatory discharge in violation of public policy.  (ECF No. 23.)

Plaintiffs have submitted a declaration indicating that a copy of their amended complaint was sent via certified mail to Defendants on January 22, 2021. (ECF No. 30-1.)  After monitoring the delivery status for weeks and the USPS tracking website only showing "status not available," Plaintiffs prepared to personally serve Defendants.  It was at this point that Plaintiffs realized summons had not yet been requested in this case.  On March 3, 2021, Plaintiffs sought the issuance of summons.  (ECF No. 24.) And on March 15, 2021, Plaintiffs effectuated service on Defendants.  After the parties

stipulated to extend the time for a responsive pleading in this case by three weeks, (ECF No. 27), Defendants brought the present motion to dismiss.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for "insufficient service of process." The plaintiff is responsible for serving the summons and complaint within the time allowed by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(c)(1). Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This rule applies to False Claims Act cases. *See* 31 U.S.C. § 3730(b)(3). Because such cases are initially filed under seal, however, the 90-day clock does not start until the court unseals the complaint. *See id.*

## III. Analysis

Defendants argue that dismissal of this case is appropriate because they were served after more than 90 days from the entry of the order directing Plaintiffs to serve Defendants had passed.[1] Plaintiffs ask the Court to enlarge the time period for service and allow this case to proceed.

Plaintiffs argue that there was good cause for the failure to timely effect service due to the mailing of a copy of the first amended complaint two days prior to the 90-day

---

[1] Defendants also argue the amended complaint was improperly filed because Plaintiffs did not seek or obtain leave of Court. Because Plaintiffs do not argue that the filing of the amended complaint had any direct impact on the timeliness of the service of process, the Court need not resolve this issue.

3

period expiring. But "the plaintiff's failure to obtain proper service of process, even if inadvertent, is not enough to establish good cause." *See Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001). Thus, the Court finds Plaintiffs have not met their burden of establishing good cause. Nonetheless, "'courts have been accorded discretion to enlarge the [90-day] period even if there is no good cause shown.'" *Id.* at 325 (quoting *Henderson v. United States*, 517 U.S. 654, 662 (1996)). In determining whether to exercise this discretion, the Court considers whether: (1) a significant extension of time was required; (2) an extension would prejudice the defendant in some way other than the inherent prejudice in having to defend the suit; (3) the defendant had actual notice of the suit; (4) a dismissal without prejudice would substantially prejudice the plaintiff, i.e., refiling of the lawsuit would be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process. *Id.* at 326.

Most of the relevant factors here weigh in favor of Defendants. Defendants were not served until close to 50 days after the 90-day time period for service. While this is not a very long time period, Defendants do not appear to have had actual notice of the lawsuit. Also, an extension may prejudice Defendants in light of the fact that Plaintiffs brought this case as a qui tam action and it remained under seal for over two-and-a-half years. Plaintiffs had filed EEOC charges against Defendants after their termination and those charges were eventually dismissed, so Defendants had reason to believe a lawsuit would not be filed against them after 90 days had passed from the date of the EEOC notices. And an attempt at mailing the complaint (without a summons) 88 days after unsealing of the complaint does not constitute a good faith effort at effectuating proper service of process. Nor do Plaintiffs set forth any explanation for why they waited

4

so long to make this sole attempt at service during the 90-day time period. Thus, even though refiling of the lawsuit may be time-barred, the Court finds that enlarging the time for service in this case is not appropriate. Accordingly, the Court grants Defendants' motion to dismiss for insufficient service of process.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. This case is dismissed without prejudice.

SO ORDERED.

                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: October 18, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2021, by electronic and/or ordinary mail.

                                         s/Lisa Bartlett
                                         Case Manager