
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED SY and
DOSHAUN EDWARDS,

      Plaintiffs,                        Case No. 18-10458

v.                                            Honorable Nancy G. Edmunds

OAKLAND PHYSICIAN MEDICAL
CENTER, LLC d/b/a PONTIAC GENERAL
and SANYAM SHARMA,

      Defendants.
_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION [34]**

On October 18, 2021, the Court granted Defendants' motion to dismiss for insufficient service of process and entered judgment on the order, dismissing this qui tam action without prejudice. (ECF Nos. 32, 33.) Plaintiffs now move for reconsideration under Eastern District of Michigan Local Rule 7.1(h) and Federal Rule of Civil Procedure 59(e). (ECF No. 34.) For the reasons set forth below, the Court DENIES Plaintiffs' motion for reconsideration.

**I.    Legal Standard**

Under Eastern District of Michigan Local Rule 7.1(h)(1), a party may move for reconsideration of an order within 14 days of the order's issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A court generally will

not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

Federal Rule of Civil Procedure 59(e) authorizes a party to move a court to alter or amend a judgment within 28 days after entry of the judgment. Rule 59(e) motions are generally granted only to: (1) accommodate an intervening change in controlling law; (2) account for new evidence not previously available; or (3) correct a clear error of law or prevent manifest injustice. *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citation omitted).

## II.    Analysis

Plaintiffs argue reconsideration of the dismissal of this case for insufficient service of process is needed to prevent manifest injustice. Plaintiffs, however, are primarily rehashing the arguments they previously made in opposition to Defendants' motion to dismiss. A motion for reconsideration is "not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *See id.* at 254 (internal quotation marks and citation omitted). But even if the Court were to consider their arguments, Plaintiffs have not demonstrated a palpable defect by which the Court and the parties were misled or that relief is otherwise warranted under Rule 59(e).

Plaintiffs emphasize they filed an amended complaint after seeking and obtaining the government's consent to dismiss certain claims. But to the extent they suggest service was timely because it was accomplished within 90 days of that filing, the Court notes the filing of an amended complaint does not reset the time for service of defendants named in the original complaint. *See Lee v. Airgas Mid-S., Inc.*, 793 F.3d

2

894, 898 (8th Cir. 2015); *Bolden v. City of Topeka*, 441 F.3d 1129, 1148-49 (10th Cir. 2006); *Harris v. City of Cleveland*, 190 F.R.D. 215, 218 (N.D. Ohio 1999), aff'd 7 F. App'x 452 (6th Cir. 2001).  Thus, the 90-day clock started running when the Court unsealed the original complaint.

Plaintiffs also emphasize they will be prejudiced and argue that the Court's dismissal of this action without prejudice is equivalent to a dismissal with prejudice because all of their claims are now time-barred.  However, "when there is no good cause for a plaintiff's failure to comply with [Federal Rule of Civil Procedure] 4(m), 'a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.'"  *See Winston v. Bechtel Jacobs Co., LLC*, No. 3:13-CV-192-TAV-CCS, 2015 U.S. Dist. LEXIS 31584, at *14 (E.D. Tenn. Mar. 16, 2015) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995)); *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1006-07 (7th Cir. 2011).  Moreover, the Court acknowledged this factor in its order but found that several of the remaining factors counsel against enlargement of the time for service in this case.  More specifically, it does not appear Defendants had notice of this lawsuit prior to service (even after the complaint was unsealed) and the sole attempt at service was a mailing of the complaint 88 days after unsealing.  Aside from general assertions regarding the COVID-19 pandemic, Plaintiffs do not set forth an explanation as to why they waited so long to attempt service.  Also, this attempt was prior to expiration of the 90-day period and Plaintiffs could have brought a motion to extend service at the time but failed to do so.  And while this case remained under seal for over two and a half years due to the nature of a qui tam action and the extensions obtained by the

3

government to investigate the matter, that lapse in time combined with the delay in service could have a prejudicial effect on Defendants. In sum, even though courts prefer to adjudicate cases on the merits, the Court appropriately found the relevant factors, as a whole, weigh in favor of Defendants and declined to enlarge the 90-day period for service under the circumstances here.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

>s/Nancy G. Edmunds
>Nancy G. Edmunds
>United States District Judge

Dated: December 22, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on December 22, 2021, by electronic and/or ordinary mail.

>s/Lisa Bartlett
>Case Manager