UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED SY and
DOSHAUN EDWARDS,

      Plaintiffs,

v.

OAKLAND PHYSICIAN MEDICAL
CENTER, LLC d/b/a PONTIAC GENERAL
and SANYAM SHARMA,

      Defendants.
_____/

Case No. 18-10458

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF
FROM JUDGMENT UNDER RULE 60(b)(6) [44]**

The matter is before the Court on Plaintiffs' motion for relief from a judgment entered in this matter on October 18, 2021. (ECF No. 44.) Defendants oppose the motion. (ECF No. 45.) Plaintiff has filed a reply. (ECF No. 46.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons below, the Court DENIES Plaintiffs' motion for relief from judgment.

**I.**     **Background**

Plaintiffs were employed by Defendant Pontiac General as part of its nursing staff from 2016 until their employment was terminated in November 2017. On February 8, 2018, Plaintiff filed this qui tam action under seal. (ECF No. 1.) Plaintiffs alleged violations of the Federal False Claims Act, Michigan Medicaid False Claims Act, and Michigan's Whistleblowers' Protection Act, as well as a retaliation claim under the Federal False Claims Act. On October 23, 2020, the state and federal government filed

1

their notice of intention not to intervene in this case. Three days later, the Court ordered that the complaint be unsealed and served upon Defendants. (ECF No. 21.) On December 24, 2020, Plaintiffs filed a stipulation to dismiss all their claims except for the retaliation claim under the False Claims Act and the claim under the Whistleblowers' Protection Act. (ECF No. 22.) On January 14, 2021, Plaintiffs filed an amended complaint, bringing those two claims along with their claim under the Medicaid False Claims Act that they had dismissed by stipulation a few weeks earlier and a claim for retaliatory discharge in violation of public policy. (ECF No. 23.) Summons were not requested until March 3, 2021 and service was not effectuated until March 15, 2021. Defendants responded to the complaint by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for untimely service. (ECF No. 28.) On October 18, 2021, the Court granted that motion and dismissed this qui tam action without prejudice. (ECF Nos. 32, 33.)

Plaintiffs moved for reconsideration, arguing in part that the dismissal without prejudice had the effect of a dismissal with prejudice because the applicable statute of limitations had expired. (ECF No. 34.) The Court denied that motion. (ECF No. 35.) Plaintiffs appealed, and the Sixth Circuit affirmed, finding the record "demonstrates that the district court weighed the relevant factors and reached a reasonable conclusion." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 570 (6th Cir. 2022). In doing so, the Sixth Circuit noted that "whether the applicable statute of limitations has run is only one of several factors that a court must consider in deciding whether to grant a discretionary extension of time. Persuasive authority from other circuits concludes that the running of the statute of limitations does not *require* a court to grant a discretionary

2

extension, a conclusion with which we agree." *Id.* Plaintiffs filed a petition for rehearing en banc, but the Sixth Circuit denied that petition. *United States v. Oakland Physicians Med. Ctr., LLC*, No. 22-1011, 2022 U.S. App. LEXIS 26224 (6th Cir. Sept. 19, 2022). Plaintiffs then filed a petition for a writ of certiorari with the Supreme Court of the United States, but that petition was denied as well. *United States ex rel. Sy v. Oakland Physicians Med. Ctr., LLC*, No. 22-571, 2023 U.S. LEXIS 934 (U.S. Feb. 21, 2023).

## II. Analysis

Plaintiffs move for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) so they may seek leave to file a second amended complaint under Federal Rule of Civil Procedure 15. (ECF No. 44.) The proposed second amended complaint names the same Defendants and includes "nearly identical" factual allegations as those in the original and the first amended complaints. (*Id.* at PageID.432.) It also brings the same claims as those in the first amended complaint. (ECF No. 44-3.) Plaintiffs argue, however, that the second amended complaint would "relate back" to the original qui tam complaint and preserve the timeliness of their claims.

Defendants note that Plaintiffs cite no cases that suggest "a Rule 60/Rule 15 one-two punch can be used after an appeal to revive claims that were dismissed pursuant to an order that was affirmed on appeal." In their reply, Plaintiffs rely on a case from the Fourth Circuit, where the court allowed a similar maneuver under Rule 59(e) and Rule 15. *See Hart v. Hanover County School Bd.*, 495 F. App'x 314, 315-16 (4th Cir. 2012). But there, the plaintiff sought leave to amend after a dismissal for failure to state a claim, not a dismissal for insufficient service of process. *See id.* Moreover, in the Fourth Circuit, a post-judgment Rule 15 motion for leave to amend is analyzed under

3

the same legal standard as a pre-judgment motion to amend. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470-71 (4th Cir. 2011). That is not the standard in our circuit. The Sixth Circuit has stated that a plaintiff seeking leave to amend the complaint in a post-judgment Rule 15 motion "must shoulder a heavier burden" due to "the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *See Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010) (internal quotations and citation omitted.) Thus, "[i]nstead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* at 616. Plaintiffs here rely on Rule 60(b)(6).

> Rule 60(b) sets forth that the Court may relieve a party from a final judgment for:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Sixth Circuit has held that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" because "almost every conceivable ground for relief is covered" in those subsections. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks and citations omitted). Thus, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*

Plaintiffs argue that there are exceptional or extraordinary circumstances warranting relief because the reason their claims are likely time-barred if refiled is the government's repeated requests to extend the seal period for a total of approximately thirty months. Plaintiffs raised the concern regarding the statute of limitations having run both before this Court in their response to Defendants' motion to dismiss as well as in their motion for reconsideration and before the Sixth Circuit on appeal. Plaintiffs now argue, however, that the filing of a second amended complaint may resolve this issue because the claims would "relate back" to the original complaint. The Court does not find that this possibility gives rise to exceptional or extraordinary circumstances. Plaintiffs' request to vacate the judgment is therefore denied.

The Court notes that even if it were to find vacatur appropriate, leave to amend would not be granted. Several factors are relevant to the decision to permit amendment under Rule 15(a)(2), including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (internal quotation marks and citation omitted). Plaintiffs themselves admit there was a delay between the Court's dismissal of this case and the filing of the present motion—a period of approximately seventeen months. Plaintiffs note they were pursuing their appellate rights during this time period, but the delay may be prejudicial to Defendants and remains relevant. And while the Court need not decide this issue, it is unclear whether Plaintiffs' claims in the second amended complaint would be timely—an assertion that appears to run contrary

5

to Plaintiffs' previous contentions regarding their claims being time-barred—and thus amendment may be futile.[1]

### III.   Conclusion

For the foregoing reasons, Plaintiffs' motion for relief from judgment is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 16, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager

---

[1] The Court also questions how the filing of a second amended complaint would cure the untimely service for which the case was originally dismissed. Neither party addresses this point.